**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee M. Zinni; Marco S. D'Alonzo,<br>　　　　Plaintiffs,<br>vs.<br>M&I Marshall & Ilsley Bank, et al.,<br>　　　　Defendants. | No. CV-09-2035-PHX-FJM<br><br>**ORDER** |

We have before us plaintiffs' amended motion for preliminary injunction (doc. 36), defendants' response (doc. 37), and plaintiffs' reply (doc. 38).

Plaintiffs allege in their amended complaint that they contracted with defendant Larry Hargrove to remodel their property located in Scottsdale, Arizona. They obtained a loan from defendant M&I Bank ("Bank") to refinance their original mortgage in the amount of $230,000, plus $200,000 for the construction project. Plaintiffs allege that on multiple occasions they expressed their concern to Bank representative, Bob Goodrich, that Larry Hargrove should not receive construction loan disbursements without verification of work performed. On each occasion, Goodrich assured them that the Bank would verify that the construction work was satisfactorily completed prior to any disbursement. Hargrove's Arizona contractor's license was subsequently suspended before the construction project was completed. Plaintiffs claim that they have been damaged by the Bank's negligent disbursal

because now, despite a large expenditure of their own money, insufficient funds are available to complete the construction project.

Plaintiffs also allege that the Bank violated the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), by failing to make various disclosures and to properly evaluate their repayment capability. They claim that the Bank violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"), by entering into an improper fee arrangement with its loan officer. In addition, plaintiffs assert various state law claims against the Bank and Hargrove, including breach of contract, unjust enrichment, negligence and fraud.

The Bank filed a notice of trustee's sale scheduled for November 17, 2009, describing plaintiffs' breach as "[f]ailure to make the monthly installment due in the amount of $1,275.00 which became due on July 1, 2009." However, plaintiffs provided a copy of a check dated June 30, 2009, made payable to M&I Bank in the amount of $1,275.00.

The Bank filed a revised notice of trustee's sale describing plaintiff's breach as "[n]on-performance of the Construction Loan Agreement dated April 9, 2008." The Bank argues that plaintiffs violated the agreement by failing to complete the remodel project by the prescribed deadline. Following the hearing on plaintiffs' motion for preliminary injunction, the Bank voluntarily agreed to postpone the trustee's sale for 60 days pending resolution of its motion to dismiss. That motion became moot when plaintiffs filed their amended complaint.

The trustee's sale is presently scheduled for February 16, 2010. Plaintiffs again seek an order enjoining the Bank from selling their property. They contend that they have not breached their obligations under the deed of trust, and that any breach in their obligations under the construction agreement was caused by the Bank. The Bank provides little argument in response.[1]

---

[1]The Bank argued in its first response to plaintiffs' motion for preliminary injunction that plaintiffs are unlikely to succeed on the merits because we lack subject matter jurisdiction and because plaintiffs' claims are time-barred. Their legal argument supporting these claims was contained in their motion to dismiss, which all parties agree is now moot.

1    In granting or denying a preliminary injunction, we consider (1) the likelihood of
2    success on the merits, (2) the possibility of irreparable injury, (3) the balance of equities, and
3    (4) the public interest. <u>Winter v. Natural Res. Def. Council</u>, 129 S. Ct. 365, 374 (2008).

4    Plaintiffs first assert that they have satisfied all of their payment obligations. The
5    parties entered into a provisional repayment agreement on April 1, 2009, which provided that
6    "[a]fter the receipt of the aforementioned payments, M&I Bank will modify your loan."
7    <u>Bank's First Response</u>, Ex. C. Plaintiffs contend, and the Bank does not dispute, that
8    plaintiffs have met each of these payment obligations. Instead, the Bank argues only that
9    plaintiffs "neglect to mention that the [provisional repayment] Agreement allowed the Bank
10   to proceed with foreclosure." <u>Id.</u> at 5.

11   Despite two opportunities to brief the issues, the facts of the case and legal arguments
12   of the parties are unclear. It appears, however, that although plaintiffs made the required
13   payments, the Bank has opted to proceed with foreclosure. We conclude that the plaintiffs
14   have established a likelihood of success on the merits of their claim that a payment default
15   does not serve as a basis to authorize the trustee's sale.

16   The Bank also claims that the trustee's sale is authorized because of plaintiffs' non-
17   performance under the construction agreement, specifically their failure to complete
18   construction by the contractual deadline. Plaintiffs counter that it is the Bank that has
19   breached the construction agreement by negligently and fraudulently disbursing the
20   construction loan funds to Hargrove. They contend that, despite the Bank's repeated
21   assurances, the Bank disbursed funds to Hargrove without first verifying that the construction
22   work was satisfactorily completed. The funds are now disbursed but Hargrove has lost his
23   contractor's license and the project is incomplete. Plaintiffs claim that because of the Bank's
24   negligent disbursal, and notwithstanding a substantial expenditure of their own money,
25   insufficient funds are available to complete the construction. The Bank does not respond to

---

The Bank does not reassert those arguments in its amended response. Because plaintiffs assert claims under TILA and RESPA, we have subject matter jurisdiction.

1 this argument. Therefore, we conclude that plaintiffs have sufficiently demonstrated a likelihood of success on the merits of their claim that a breach of the construction agreement does not serve as a basis to authorize the trustee's sale.

Not only have plaintiffs demonstrated that they are likely to succeed on their claim that the Bank is without authority to conduct a trustee's sale, but we also conclude that they have shown that they will likely suffer irreparable injury in the event their property is sold. They risk losing not only their home, but also any equity they have invested in it.

The balance of hardship and the public interest also weigh in plaintiffs' favor. As we have stated, a trustee's sale would deprive plaintiffs of their home. The Bank has failed to allege any hardship that it would suffer in the event of a temporary injunction. The public interest is served by affording homeowners the opportunity to pursue facially valid claims before their home is sold. If the Bank ultimately prevails on its claims, a trustee's sale can be held at that time.

**IT IS ORDERED GRANTING** plaintiff's amended motion for preliminary injunction (doc. 36). The Bank is enjoined from authorizing a trustee's sale of plaintiffs' property pending the outcome of this action. This order binds the parties, their officers, agents, servants, employees, and attorneys, including but not limited to the Trustee under the deed of trust. No additional security is required under Rule 65(c), Fed. R. Civ. P., as the property is the security. Plaintiffs are entitled to possession of their property for the duration of this injunction.

DATED this 12th day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge