**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee M. Zinni; Marco S. D'Alonzo, </br> Plaintiffs, </br> vs. </br> M&I Marshall & Ilsley Bank, et al., </br> Defendants. | No. CV-09-2035-PHX-FJM </br> **ORDER** |

We now have before us M&I Bank's motion to quash preliminary injunction and to dismiss its counterclaims (doc. 74), plaintiffs' response (doc. 86), the Bank's reply (doc. 91), and motion for expedited consideration (doc. 75). Finally, we have before us plaintiffs' motion for leave to file a second amended complaint (doc. 92).

On May 11, 2011, we granted the Bank's motion for summary judgment and denied plaintiffs' motion for summary judgment, finding in favor of the Bank on all claims (doc. 72). The Bank now asks us to quash the preliminary injunction entered on February 12, 2010, so that it can complete a trustee's sale pursuant to state law. The Bank also asks us to dismiss its counterclaims, contending that it can better pursue these claims through the trustee's sale process.

On February 12, 2010, we granted the plaintiffs' motion for preliminary injunction, enjoining the Bank from completing a trustee's sale of plaintiffs' property "pending the

outcome of this action." (doc. 39 at 4). All claims raised in the complaint have now been fully resolved in the Bank's favor. Therefore, the basis for the injunction is extinguished. Accordingly, IT IS ORDERED GRANTING the Bank's motion for expedited consideration (doc. 75) and GRANTING the Bank's motion to quash the preliminary injunction (doc. 74). The Bank also seeks to dismiss its counterclaims against plaintiffs. In order that final judgment can be entered in this case, IT IS ORDERED GRANTING the Bank's motion to dismiss its counterclaims without prejudice (doc. 74).

In each of plaintiffs' briefs, filed either in response to the Bank's motions or related to their own motion to amend the complaint, plaintiffs reargue issues already presented and resolved on summary judgment, or raise new issues that could have been raised before. Plaintiffs' filings do not respond to the relevant motions but instead are better described as a motion for reconsideration of our May 11th order on summary judgment.

Under LRCiv 7.2(g)(2), a motion for reconsideration must be filed within 14 days of the order from which reconsideration is sought. A party must establish either manifest error or that new facts or authority presented for the first time on a motion for reconsideration "could not have been brought to [the court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). No argument previously raised can be repeated.

To the extent that plaintiffs' filings are considered a motion for reconsideration, the motion is denied. The first of plaintiffs' documents was not filed until July 7, 2011, almost 2 months after our May 11th order, well outside the 14-day deadline set by the Rules. Therefore, the motion for reconsideration is out of time. Moreover, plaintiffs largely reargue claims already presented, considered, and rejected by our order. We will not revisit those arguments now. Therefore, to the extent any of plaintiffs' filings is considered a motion for reconsideration, it is denied.

In their motion for leave to file a second amended complaint, plaintiffs assert for the first time their intention to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") against a new defendant—the Bank's law firm, Jackson White, P.C. In ruling on a motion for leave to amend, we will consider (1) undue delay, (2)

1 | bad faith, (3) prejudice to the opponent, and (4) futility of amendment. <u>Loehr v. Ventura County Cmty. Coll. Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984).

We conclude that plaintiffs' motion for leave to amend is the result of undue delay and will significantly and unfairly prejudice the Bank. In evaluating undue delay, we consider "whether the moving party knew or should have known the facts and theories raised by the amendment." <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990). Plaintiffs claim that they only recently discovered that a document filed by Jackson White on November 11, 2009, is incorrect (doc. 17), and therefore, in their view, a violation of the FDCPA. Although the document in question was filed almost 2 years ago, plaintiffs claim that they did not check the public record until recently. This does not excuse the delay. As a public record the alleged filing discrepancy was discoverable 2 years ago with reasonable inquiry. We also reject plaintiffs' argument that a case decided by the United States Supreme Court on April 21, 2010, is "new law," which would justify its late reference. Obviously, a case that was filed a year and a half ago is not new law.

Moreover, the prejudice to defendant M&I Bank is obvious. After almost two years of litigating this case, the Bank had summary judgment granted in its favor. Allowing plaintiffs to now amend the complaint in order to name a new defendant with entirely new claims would cause substantial delay in the processing of this case and would unfairly prejudice the Bank's ability to enforce its rights.

Finally, much if not all of plaintiffs' proposed amendment would be futile. The proposed amended complaint in large part simply repeats claims raised in the original amended complaint. Those claims have been considered and rejected by our order on summary judgment. It would be futile to reassert them. We do not consider the futility of the proposed new FDCPA claim against Jackson White given our conclusion that the addition of this new party and new claim is the result of undue delay and would unfairly prejudice the Bank.

Based on the foregoing, **IT IS ORDERED GRANTING** the Bank's motion for expedited consideration (doc. 75) and **GRANTING** the Bank's motion to quash the preliminary injunction and to dismiss its counterclaims without prejudice (doc. 74).

**IT IS FURTHER ORDERED DENYING** plaintiffs' motion to amend the complaint (doc. 92).

DATED this 11th day of August, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge