**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee M. Zinni; Marco S. D'Alonzo, | No. CV-09-2035-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| M&I Marshall & Ilsley Bank, et al., | |
| Defendants. | |

Before the court is M&I Bank's motion for attorney fees (doc. 82), plaintiffs' response and motion for damages and attorney's fees (docs. 87 and 88), the Bank's response and reply (doc. 90), and plaintiffs' reply (doc. 93).

On May 11, 2011, we granted summary judgment in favor of the Bank on all claims (doc. 72). Both parties now move for attorney's fees.

Plaintiffs simply state a "counter motion for damages and attorney's fees" in their response to the Bank's motion. They make no argument to support the claims. They were not the prevailing parties in this action. Therefore, plaintiffs' claim for attorney's fees and damages is denied (doc. 88).

The Bank moves for attorney's fees as the prevailing party in a matter arising out of a contract, pursuant to A.R.S. § 12-341.01. It seeks fees in the amount of $68,589.50, and non-taxable costs in the amount of $6,856.12.

1    Plaintiffs' only response to the Bank's motion is to continue to argue the merits of
2 their claims. Again, we have already carefully considered each of these arguments and will
3 not revisit them in a motion for attorney's fees. Instead, we look to the factors set forth in
4 Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

5    A court has wide discretion is deciding whether to award fees under § 12-341.01. The
6 award of fees "should be made to mitigate the burden of the expense of litigation to establish
7 a just claim or a just defense." Id. § 12-341.01(B). "It need not equal or relate to the
8 attorney fees actually paid or contracted." Id. In deciding whether to award fees we consider
9 whether (1) the unsuccessful party's claims were meritorious; (2) the litigation could have
10 been avoided or settled; (3) assessing fees would cause extreme hardship; (4) the successful
11 party prevailed with respect to all relief sought; (5) the legal question was novel; and (6) an
12 award would discourage other parties with tenable claims from litigating them. Warner, 143
13 Ariz. at 570, 694 P.2d at 1184.

14    After considering each of the Warner factors, we conclude that an award of fees in this
15 case is appropriate. Many of plaintiffs' claims, as alleged, were colorable. Others lacked
16 merit. Therefore, this factor is neutral. Given the parties' diverse positions, settlement was
17 not possible. The legal questions presented, involving Arizona's deed of trust statute, TILA,
18 RESPA, FDCPA, and HOEPA, breach of contract, and fraud claims were not novel.
19 Defendants ultimately prevailed on every claim and an award of fees would not discourage
20 other parties from filing meritorious actions. These factors weigh in the Bank's favor. Given
21 plaintiffs' financial inability to complete the construction project on the property, it is
22 reasonable to presume that a financial hardship is likely. This factor alone weighs in
23 plaintiffs' favor.

24    We now turn to the reasonableness of the requested fees. The Bank employed a total
25 of eight lawyers, two paralegals, and two legal secretaries, expended almost 400 hours at the
26 rate of $200 to $175 per hour on a relatively routine foreclosure matter, and now seeks in
27 excess of $75,000 in fees and costs. This is a classic example of over-lawyering a case.
28 Moreover, most of the claimed non-taxable costs consists of "Westlaw legal research"

1  without the specificity required by LRCiv 54.2(e)(2)(B).  We think 75 hours at $200 per hour
2  should be sufficient to litigate a relatively routine matter.  We then discount that amount by
3  plaintiffs' presumed hardship to yield reasonable fees and costs in the amount of $7,500.
4      **IT IS ORDERED DENYING** plaintiffs' motion for damages and attorney's fees
5  (doc. 88).
6      **IT IS ORDERED GRANTING** the Bank's motion for an award of attorney's fees
7  (doc. 82) in the amount of $7,500.
8      DATED this 12th day of September, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -